We will now hear argument in the case of United States v. Nava-Arellano. Good morning. Good morning. Kent Young on behalf of Mr. Nava-Arellano. I'd like to start out by addressing the obstruction of justice issue. As I've argued in the briefing, the two-level enhancement that the government sought for obstruction of justice due to perjury should be reversed because the district court failed to make the three express findings required under this court's case law for finding a perjury. In particular, that the testimony was false and it was material and it was willful. Counsel, how do you reconcile Castro-Ponce and the Thompson case, which I believe the government cited, too, in its brief? The Armstrong case? Thompson. Thompson? Let me see here. I think, if I remember correctly, Castro-Ponce is subsequent to the cases relied on by the government, and Castro-Ponce relies on Dunn and Dunn? No, Thompson followed Castro-Ponce. I'm sorry. Castro-Ponce was 2014 and Thompson was 2016. Well, my apologies. Well, I think that the key difference is Castro-Ponce has its roots in the Supreme Court case, Dunn again, which relied on the defendant's Fifth Amendment privilege against self-incrimination and held that based on the Supreme Court case Dunn again. Which case? It's a 1993 Supreme Court case Dunn again. I believe that is what Castro-Ponce relied on for the three. Oh, I see. Yeah. Okay. Yes, for the three express findings, and it was anchored in the idea of the Fifth Amendment privilege against self-incrimination, the concern that there could be a chilling effect. Well, perhaps I misunderstand, but I thought what we were looking at here was our Johnson case that indicated that we wanted the district judge to specify his or her reasoning so we could understand whether the proper determination was made of whatever data were considered. But I guess my colleague had pointed out that there are some cases that suggest that's not an absolute rule. Let me ask you this. In this case, let's just say we were to agree. Let's say we were to send it back to the district court. Would the district court just automatically check the boxes and we'd be right back here? The district court, it certainly is possible that could happen. I think it's an interesting question because as far as I can tell from all the case law dealing with the obstruction of justice enhancement, there's no inquiry into harmlessness. It's just if those three... It's not a structural error though, is it? It is a guidelines error. That's correct. Yes. Since it's not structural, arguably there is a potential harmlessness aspect, right? I think that's an excellent point, Your Honor. But my sense is that because this was rooted in the Fifth Amendment's privilege against self-incrimination, the constitutional right that it flows from, and Castro-Ponce noted that it was relying on Dunnegan, that because there's a constitutional framework or basis that it relies on, it may be that that's why there's never been any sort of holding of a separate inquiry into harmlessness. It's just simply... Let's just argue on the... Let's say that I don't buy your constitutional argument and we're just dealing with our particular case law. Realistically, if I recall, your client is due for release pretty soon, right? Two years. That's correct. Yes. Okay. So I guess I just wonder what is gained here. I just... We're talking about a very able district judge. I think if we say you got to check these boxes, that's exactly what's going to happen and nothing will have been achieved. Is that... Do we weigh that when we consider whether this is harmless error? Well, I certainly understand your Honor's point and your Honor's concern. There wasn't really much of a chance though for Mr. Nava, I think, to really get into the sort of details of the Mr. Nava might be given more of a chance to explain himself to the district court. With respect, I think the judge just said, you know, don't do this. He did it and the judge acted accordingly. Well, I think the one issue though I see with that is that the government specifically asked for an enhancement based on perjury. And then the district court is saying, I'm doing this because you violated my pretrial ruling. I think the judge is telling him, don't testify about your pretrial deportations. And there's a point there where he says, this is on excerpts of record 291, where the district court says to Mr. Nava, let's turn to you, Mr. Nava, any comment about the statement by the government that you obstructed justice in trying to give false testimony at the time of trial concerning the alleged status and unlawfulness of your deportations. Anything you would like to say about that? And then Mr. Nava says, yes, your Honor. I just wanted to establish the truth and I don't think I was lying. And all I can say is all I have been trying to do is be my case to be reviewed, but I don't think by defending or putting a defense on my behalf would be considered obstruction of justice, your Honor. And the court says, I disagree, sir. I ruled pretrial, no challenge to the deportations. I ruled them lawful and you went ahead to testify about it in any event. So I think the two level enhancement is appropriate. And so the district court isn't actually really discussing at all the government sentencing memorandum and the government's claim that he committed perjury. The district court's not even finding there's perjury testimony, that there's willfully false testimony. And so in essence, what the district court is saying is I made this pretrial ruling and you didn't go along with my, you know, it's an eliminate ruling essentially, and you didn't adhere to my eliminate ruling. And so I'm going to grant the government's request for a two level enhancement based on obstruction of justice. Well, even if you, even if the district court had relied upon the government's memoranda, he didn't say that's what he relied upon, right? That's correct. So wouldn't really help the government in that respect. That's correct, your Honor. Although it might actually, if this were remanded, it might allow a further argument by the parties with respect to that sort of nuanced distinction that the district court came up with, that it violated his pretrial ruling. Because the with the government's sentencing memorandum, the district court's not actually finding the testimony's false, is not actually finding that it's, that it was willful. And I think the reason why this is particularly important here is it sort of ties into the first issue, the speeding trial act claim and the competency issue, right? Because here you have a criminal defendant who's actually found not competent to stand trial. And he's not, he's found not competent to stand trial by this district court judge. So that same district court judge, then when he takes the stand and testifies, finds that he committed perjury. And this is only seven, eight, nine months after that same district court judge found that he wasn't competent to stand trial. So because one of the findings that's required is that the testimony was willful, I think that it's, if there's ever an instance where you would need to have those expressed findings, it would be here just simply because he was found not competent. District court made those findings from your perspective, it still wouldn't help him because you say, well, at one point he was found not competent and how do you ever overcome that? But the district court did later find he was competent, right? It's true, but it's possible this could fall in the sort of gray zone between a defendant who may be competent to test, or be competent to stand trial, but at the same time could have significant mental health issues that would, that would go to whether or not the testimony was willful. Do you want to save any of your time, counsel? Yes. Totally up to you, but. Thank you. I'll reserve the remainder of my time. Very well. So let's hear from the government. Good morning. May it please the court, Zach Howe on behalf of the United States. If I could, I'd just like to briefly touch on the Speedy Trial Act claim before getting to obstruction since that argument has kind of evolved a bit. I'll first say I don't think the court should consider the new claims raised in the reply brief, but if you do, the case that NAVA cites as dispositive authority, the Rivera Guerrero case, it actually says at page 1070 that a competency evaluation order is unlike a forced medication order. And the exact quote it uses is that a competency evaluation order, quote, has no dispositive effect and is therefore not reserved for Article III judges. And so here the magistrate clearly had authority to issue that order. And I think that disposes of the Speedy Trial Act claim. As to obstruction, I do agree, Your Honor, the Thompson case I think is probably the best case for us. And it builds off of Armstrong and Dunnigan from the Supreme Court. So how do you reconcile that with Castro-Ponce? Sure. So I think Castro-Ponce says you need explicit findings on the three elements of perjury. I think Thompson as well as Dunnigan explain what it means to be an explicit finding on those three elements. And it doesn't mean that the court has to expressly say, I find materiality, I find willfulness. But if I understand our case law correctly, that is exactly what our court said. We need to have these things spelled out because otherwise we really don't know what the district court did. Now what's not explained is whether this is like 3553A where you don't have to spell it out. But we seem to be saying with the exception of the Thompson case that you do. How do we reconcile that? So I think Thompson is quoting directly from the Dunnigan case from the Supreme Court. And I'll give you the relevant quote. Dunnigan says that while it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding, that's not necessary. The court says that as long as it, quote, encompasses all of the factual predicates for a finding of perjury, then the enhancement is appropriate. Well, but doesn't that suggest that if there's other material that you cited, like in this, for example, your opposing counsel referred to government memoranda and so on. And yet the district judge didn't refer to that. The district judge had said, I'm relying upon what the government said in Tolley Tolley memorandum at page so and so. No problem. I don't think they would argue that either. But in this case, there was simply no explanation other than he was not amused that the defendant in this case disobeyed his pretrial order. Isn't that correct? So I think these are kind of two separate arguments. One would be if the district court relied on the government's sentencing memorandum. But I think there's a second argument, which is that the government, or excuse me, the court here actually did make all the necessary findings independent of that memorandum. And in what way? So as to falsity, the court expressly references Nava's false testimony. That's at page 291 of the record. As to willfulness, the court expressly rejects Nava's argument that he didn't think he was lying. So it clearly found willfulness. And then as to materiality, the court identified what that false testimony related to. It said it related to Nava's status to enter the country and the lawfulness of his deportations, both of which are essential elements of the 1326 offense. So it clearly found materiality. So is it the government's position that when the judge made this determination, it didn't have to be in a little box with everything there? It could be at any part of the record as long as the district judge at some point in the sentencing dialogue referred to the elements in question. Is that correct? That would be our position, but I don't even think the court needs to get that far because everything I've just referred you to is at page 291 and 92 of the record, which is the court's expressed discussion of the perjury enhancement. Again, I think based on the Dunnegan case, it wasn't necessary to lay them out that explicitly, but the court here did so. So under Dunnegan and under Thompson, I think that's more than sufficient. I do think, and you may disagree with me, Judge Smith, but I do think there's a separate reason that those findings were appropriate. And as I read the court at page 291, it is expressing its intent to adopt the sentencing memorandum. It says these arguments are laid out in the government's brief. It then asks standby counsel to respond. It then asks NAVA to respond, and then it rejects those responses and says that the enhancement is appropriate. And so I think that's intent to adopt what are undisputedly arguments that address all three of the factors for perjury. And this court, for example, in Lindsay and in the unpublished Quinza case, has said that a court can rely on the arguments in filings to support a sentencing finding. And in fact, the Quinza case was dealing with a perjury enhancement. But the district judge did not explicitly say he's adopting the position taken by the government. He just simply said the government is urging a two-level specific offense characteristic which they've laid out in their brief. He didn't indicate whether or not he agreed with it explicitly with the reasoning behind it, correct? That's correct. And again, this is, and that makes this case a bit unlike Lindsay where there was an express intent to adopt. I think taken in context, given that the court is saying here's what the government says,  I'm applying the enhancement. I think it's clear that the court intends to rely on that memorandum. Again, I don't think that the court has to rely on that rationale because what I've laid out shows that the court did, in fact, make all the necessary findings. I think this would just be a separate reason to affirm the court's ruling. Let's assume, arguendo, that Castro Ponce requires that it be encapsulated in a brief statement, no reliance on anything else. Would you address the issue of potential harmless error in this context, please? Sure. So I do agree with opposing counsel that the standard is fairly strict when there's an error in the guidelines calculations. For example, the court in Frey has even said that sometimes when a court says it would impose the same sentence regardless of the guidelines, there might still be harmful error. So I admit this is a stringent standard, but I also do agree with your suggestion that if this were remanded, the court is in all likelihood simply going to say, I find willfulness, I find materiality, I find falsity, and so we're probably going to end up in the same place. And I think that's clear from both the sentencing transcript, but also the trial transcript. For example, if you look at page 237 through 240 of the record, the court chastises Nava at sidebar for making these false statements, despite the fact that court after court and jury after jury has found that he is in fact a deportable alien and that his 2012 deportation was lawful. So if the court were to get that far, then I do think there's grounds for finding harmlessness here. I see I'm running short on time. I'll just briefly address the other arguments in the case. As to imposing consecutive sentences, this court's case law is dispositive on that argument. The Rangel case, the Steffen case, the Pedrillo case, and all of the cases cited within that Steffen case all say that under 18 U.S.C. 3584, the district court has discretion to So I think all of those cases are dispositive here. And then finally, as to the definition of felony, it is not unconstitutionally vague. It's defined in common law. It's defined by statute. It's defined by the guidelines. And regardless of any of that, Nava here concedes that his offense was in fact a felony. And as the Sosbo case from this court and all of the Supreme Court case law that that If a defendant can't show unconstitutional vagueness as to the application to him, then his constitutional claim fails. So if there are no other questions, then I'm happy to yield the remainder of the time. Do either have any questions? No, I think not. Thank you, counsel. All right, we have some rebuttal time. Thank you. I'd like to start out just first with the obstruction of justice enhancement issue. And there's two cases I've relied on in the briefing that I think sort of go to opposing counsel's argument there that it's sort of encompassed. And you sort of have comments here by the district court that are very similar to Jimenez Ortega and Alvarado Guizar. Jimenez Ortega was a case where the district court applied an obstruction of justice enhancement for perjury because it found the defendant's testimony was, quote, so incredible in light of all the evidence that it was clear to the court that you intended to obstruct or impede justice with your version of the facts. Your testimony was not the result of any confusion, mistake, or faulty memory, but an attempt to willfully obstruct justice. Counsel, what is your position about opposing counsel's comment that the district judge did at various points in the sentencing record refer to each component that he didn't refer to in close quarters, if you will? In other words, somewhere within that record, he cited each of the things that would have been necessary under the Carlos Ponce to be stated in a shorter time. Does that make any difference? Well, I'm not really seeing it. I mean, it seems to me that his express finding was that he violated the pretrial ruling on the deportations. But he said elsewhere in the sentencing record that this was material and that he had perjured himself and so on. Is that enough? I think you need all three express findings on all three, willfulness, falsity, and materiality. I don't know that he finished everything, but he mentioned two, if I recall correctly. I think that might be the problem with, it'd still be an issue. And that was what happened in Jimenez-Ortega and Alvarado-Guizar. There were partial findings. And even though there were partial findings on two of the three factors, this court still reversed in both those cases based on a failure to make the express factual findings. Your colleague has any questions? All right. Thanks to both of you. We appreciate your help. The case just argued is submitted, and the court stands in recess for the day. All rise. This court, for this session, stands adjourned.
judges: Fernandez, M. Smith, Otake